UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TEMPERANCE SOLAR, LLC and BINGHAM SOLAR, LLC, individually and as assignees of J. RANCK ELECTRIC, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> MADDOX INDUSTRIAL TRANSFORMER, LLC, <br><br>  Defendant. | Case No. 24-cv-10919 <br><br> Honorable Robert J. White |

**ORDER FOR PLAINTIFFS TO SHOW CAUSE**

On April 9, 2024, Plaintiffs, Temperance Solar, LLC (Temperance) and Bingham Solar, LLC (Bingham), filed a four-count complaint against Defendant, Maddox Industrial Transformer, LLC, alleging breach of contract and breach of express and implied warranties. (ECF No. 1, PageID.7-11). The complaint asserts that the Court has diversity jurisdiction over the case under 28 U.S.C. § 1332. (ECF No. 1, PageID.1-3). As discovery progressed, the case was reassigned to the Court. The Court now raises some concerns over its jurisdiction to hear the case. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to

determine whether subject-matter jurisdiction exists, even when no party challenges it.").

Since Plaintiffs invoke diversity jurisdiction, they "bear[] the burden of establishing the parties' citizenships." *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022). Diversity jurisdiction exists where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interests and costs" and the dispute is between citizens of different states. 28 U.S.C. § 1332(a). As relevant here, "an LLC's state of organization does not establish its citizenship." *Pourtaghi*, 43 F.4th at 626 (citing 28 U.S.C. § 1332(c)(1)). Rather, an LLC "has the citizenship of its members and sub-members." *Id*.

The complaint states that both Plaintiffs have the same single member, Michigan Solar EEV Partners, LLC (MS EEV), "a limited liability company organized and existing under the laws of the state of Delaware," and that "MS EEV's members are corporations organized and existing under the laws of the state of Delaware." (ECF No. 1, PageID.2, ¶ 2). According to the complaint, Defendant is comprised of four members: one a citizen of Washington and the other three citizens of South Carolina. (ECF No. 1, PageID.2).

Assuming the corporations identified as members of MS EEV (and thus sub-members of Plaintiffs) are *only* citizens of Delaware, there would be complete diversity and no issue with the Court's subject matter jurisdiction. However, a

2

corporation potentially is citizen a of two states—the state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *see also V&M Star, LP v. Centimark Corp.*, 596 F.3d 354 (6th Cir. 2010).

Here, instead of naming and establishing "the *citizenships* of [Plaintiffs'] members and sub-members," *Pourtaghi*, 43 F.4th at 627 (emphasis added), Plaintiffs assert that their sub-members are "corporations organized and existing under the laws of the state of Delaware." (ECF No. 1, PageID.2). This is insufficient. *See Pourtaghi*, 43 F.4th at 626 (remanding for determination of subject-matter jurisdiction where the plaintiff LLC "did not . . . adequately allege its own citizenship—it merely asserted that it is 'organized under the laws of Michigan'"). To ensure complete diversity, Plaintiffs must also identify the principal place of business for MS EEV's member corporations.

Because the Court is unable to conclude that it has federal subject matter jurisdiction, it is hereby,

IT IS ORDERED that within 14 days of the date of this Order, Plaintiffs shall show cause as to why this action should not be dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that in response to this show cause order, Plaintiffs must identify the principal place of business for each of MS EEV's member corporations.

IT IS FURTHER ORDERED that in the event Plaintiffs decide that dismissal is proper, they may forego briefing and instead notify the Court within 14 days of this Order that it will be submitting a notice or stipulation of dismissal as permitted under Fed. R. Civ. P. 41(a)(1)(A).

Dated: October 24, 2024          s/Robert J. White
                                 Robert J. White
                                 United States District Judge